IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KAMRINNE ZELNO** | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| **THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA;** | |
| **HOSPITAL OF THE UNIVERITY OF PENNSYLVANIA** | |
| **UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM** | |
| Defendants. | |

**CIVIL ACTION COMPLAINT**

I.  **PRELIMINARY STATEMENT**

Plaintiff, Kamrinne Zelno ("Plaintiff"), brings this pregnancy discrimination action against her former employers, The Trustees of the University of Pennsylvania, the Hospital of the University of Pennsylvania, and the University of Pennsylvania Health System. Plaintiff asserts pregnancy discrimination and retaliation claims against each named Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"); the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

Plaintiff seeks all damages allowable by law, including economic, compensatory, and punitive damages, and all other relief under applicable law that this Court deems appropriate.

II. **PARTIES**

1. Plaintiff Kamrinne Zelno ("Plaintiff") is a citizen of the Commonwealth of Pennsylvania.

2. Plaintiff currently resides in Quakertown, Pennsylvania.

3. Defendant Trustees of the University of Pennsylvania is a Pennsylvania business entity with a principal place of business located in Philadelphia, Pennsylvania.

4. Defendant Hospital of the University of Pennsylvania ("HUP") is a Pennsylvania business entity with a principal place of business located in Philadelphia, Pennsylvania.

5. Defendant University of Pennsylvania Health System ("UPHS") is a Pennsylvania business entity with a principal place of business located in Philadelphia, Pennsylvania.

6. The operations of each named Defendant are substantively integrated and consolidated such that they are joint, integrated, and/or single employers of Plaintiff. By way of example, and without limitation:

   a. Defendant The Trustees of the University of Pennsylvania is the owner and operator of Defendant HUP and Defendant UPHS.

   b. Defendant HUP at times served as Plaintiff's W2 employer of record.

   c. Each named Defendant holds themselves out to the public as part of larger integrated enterprise that operates under the trade name "Penn Medicine."

   d. Defendants share common leadership and ownership.

7. The named Defendants are collectively referred to herein as "Defendant."

8. Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

9. At all relevant times, each named Defendant employed more than 15 people.

10. At all relevant times, Defendant acted by and through its authorized agents,

servants, workers and/or employees within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

### III. JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

12. The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. §1331.

13. The District Court has supplemental jurisdiction over Count II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

14. Venue is proper in the District Court under 28 U.S.C. §1391(b).

15. On or about July 30, 2024, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") which was dual filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of Plaintiff's PHRC Complaint of Discrimination, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

16. The investigation conducted by the PHRC was closed on February 27, 2025.

17. On or about March 19, 2025, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

18. Plaintiff has complied with all administrative requirements for the institution of this civil action.

## IV.  FACTUAL ALLEGATIONS

19. Plaintiff began working for Defendant on or about August 22, 2022.

20. At all relevant times, Plaintiff held the position of Access Service Associate.

21. Plaintiff's job duties generally included handling in-bound patient phone calls in Defendant's rheumatology department.

22. At all relevant times, Plaintiff reported to Jeanne Gullberg, Supervisor.

23. Gullberg reported to Alexander Macklin, Operations Managers.

24. Macklin reported to Philynn Hepschmidt, Vice President of Patient Access.

25. On July 19, 2023, Plaintiff informed Gullberg that she was pregnant, was concerned that she was having a miscarriage, and that she needed to go see her physician.

26. After disclosing her pregnancy to Gullberg on July 19, 2023, Plaintiff left work and went to her physician's office to receive an ultrasound.

27. Plaintiff provided Gullberg with a note from her physician, confirming her visit on July 19, 2023.

28. Due to her age, a previous history of miscarriages, and suffering sub-chorionic hemorrhage, Plaintiff's pregnancy was designated as "high risk."

29. On July 24, 2023, Plaintiff informed Gullberg that she had a high-risk pregnancy, that she was experiencing strange symptoms, and that she was attending doctor's appointments and receiving testing for the same.

30. Following the disclosure of her pregnancy and the high-risk symptoms that she was experiencing, Gullberg scheduled fewer one-on-one meetings with Plaintiff.

31. On or about December 5, 2023, Plaintiff was falsely accused of ignoring in-bound patient phone calls.

32. Prior to December of 2023, Plaintiff had received consistently positive feedback regarding her performance.

33. In January 2024, Plaintiff's performance review confirmed her overall positive performance of her job duties.

34. On February 20, 2024, Plaintiff submitted a request for maternity leave.

35. Plaintiff's request for maternity leave was approved and was scheduled to start on her due date of March 14, 2024 and to end on April 24, 2024.

36. On February 28, 2024, Defendant terminated Plaintiff's employment, effective April 24, 2024, the last day of her maternity leave.

37. The reason provided to Plaintiff by Defendant for her termination was an alleged violation of Defendant's Professionalism and Standards of Conduct Policy.

38. Defendant terminated Plaintiff's employment when she was thirty-eight (38) weeks pregnant.

39. Plaintiff was the only employee reporting to Gullberg who was terminated on February 28, 2024.

40. Plaintiff was not provided with any prior warning that she was at risk of being terminated for an alleged violation of Company policy.

41. On July 3, 2024, Plaintiff complained to Defendant of pregnancy discrimination in connection with her termination.

42. Hepschmidt responded to Plaintiff's Complaints, stating that she would "investigate this and get back to [her] as soon as possible."

43. Plaintiff received no further communication from Hepschmidt regarding her complaint of discrimination.

44. Plaintiff's pregnancy (including the high-risk nature thereof) and her request for and exercise of maternity leave were each substantial, motivating and/or determinative factor's in Defendant's discriminatory and retaliatory treatment of her, including the termination of her employment.

45. As a direct and proximate result of the discriminatory conduct of Defendant as set forth above, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

### COUNT I – Title VII

46. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

47. By committing the foregoing acts of discrimination and retaliation, Defendant has violated Title VII.

48. Defendant acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

49. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

50. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

51. No previous application has been made for the relief requested herein.

### COUNT II – PHRA

52. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

53. By committing the foregoing acts of discrimination and retaliation, Defendant has violated the PHRA.

54. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

55. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

56. No previous application has been made for the relief requested herein.

## **COUNT III – PFPO**

57. Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

58. By committing the foregoing acts of discrimination and retaliation Defendant has violated the PFPO.

59. Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

60. As a direct and proximate result of Defendant's violations of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

61. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages because of Defendant's discriminatory and retaliatory acts unless and until this Court

grants the relief requested herein.

62. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) declaring the acts and practices complained of herein to be in violation of the PFPO;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f) awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h) awarding punitive damages to Plaintiff under Title VII and the PFPO;

(i) awarding Plaintiff such other damages and relief as is appropriate under the statutes that form the basis of this matter.

(j) awarding Plaintiff the costs of suit, expert fees and other disbursements, and

reasonable attorneys' fees; and

(k) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

                              **CONSOLE MATTIACCI LAW LLC**

Dated: June 11, 2025      By:    <u>/s/Daniel S. Orlow, Esq.</u>
                                         Daniel S. Orlow, Esquire
                                           1525 Locust St., Ninth Floor
                                           Philadelphia, PA 19102
                                           (215) 545-7676
                                           Attorney for Plaintiff, Kamrinne Zelno